UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JANET WHELAN, AS LEGAL GUARDIAN
AND NEXT FRIEND OF CARL BERRY                                                    PLAINTIFF


v.                                                              CIVIL ACTION NO. 3:11-cv-495-CRS


DOLLAR GENERAL CORP., d/b/a
DOLLAR GENERAL STORE NO. 9448,
DOLLAR GENERAL PARTNERS,
LOUISVILLE REALTY TRUST,
LYNN ST. CLAIR, and ERIC SILLERS                                                DEFENDANTS


**MEMORANDUM OPINION**


This matter is before the court on motions of the plaintiff, Janet Whelan, as legal guardian

and next friend of Carl Berry ("Plaintiff"), to remand this action to state court (DN 10), for relief

from Fed.R.Civ.P. 26(d) (DN 14), and to substitute a party (DN 24). For the reasons set forth below,

we find that the motion to remand should be granted. Therefore, the other motions will be denied

as moot.

I. BACKGROUND

This action was originally filed in Kentucky state court on May 10, 2011. The removing

defendant, Louisville Realty Trust ("Louisville Realty" or "Defendant") was named in the

Complaint along with the defendants Dollar General Corp., d/b/a/ Dollar General Store No. 9448

("Dollar General Corp."), Lynn St. Clair ("St. Clair"), and Eric Sillers ("Sillers" and collectively,

"Defendants").[1] Richard A. Sacco ("Sacco") is the Trustee for Louisville Realty and Plaintiff sought

to have him served on behalf of Louisville Realty pursuant to Kentucky's long-arm statute, KRS §

454.210(3)(b), through the Secretary of State. The Secretary of State mailed a copy of the summons

and Complaint on May 11, 2011, to Sacco at 5 Via Alicia Drive, Santa Barbara, CA 93108, by

certified mail, return receipt requested. On June 17, 2001, the Secretary of State made its statutorily

required return to the court showing that the acts contemplated by the statute had been performed.

The Secretary of State's return stated that the office had not received the undelivered letter or a

postal return receipt card. (DN 10, Motion to Remand, Attachment 4). Defendant Louisville Realty

filed its Notice of Removal to this court on August 31, 2011. Plaintiff then filed her motion to

remand this action, arguing that Louisville Realty's removal was untimely pursuant to 28 U.S.C. §

1446(b).

## II. ANALYSIS

Plaintiff argues that her motion to remand should be granted because Defendant Louisville

Realty's removal was untimely pursuant to 28 U.S.C. § 1446(b). The burden of proof is on the

removing party to establish the jurisdiction of this court, *see Steel Co. v. Citizens for a Better

Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), and removal statutes are to be

construed strictly and against removal. *See Tech Hills II Associates v. Phoenix Home Life Mut. Ins.

Co.*, 5 F.3d 963, 968 (6th Cir. 1993), *abrogated on other grounds*, 526 U.S. 344 (1999); *Shamrock

Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) ("the policy

of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the

strict construction of such legislation"). 28 U.S.C. § 1446(b) provides that a "notice of removal of

---

[1] Plaintiff filed an Amended Complaint on June 22, 2011, which also added the defendant, Dollar General Partners ("Dollar General Partners").

a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading..." The removal period provided in 28 U.S.C. § 1446(b) is a federal standard and is intended to have uniform nationwide application, governed by federal law. *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972); *See also Green Seed Co., Inc. v. Harrison Tobacco Storage Warehouse, Inc*., 663 S.W.2d 755, 757 (6th Cir. 1984) ("Federal, not state, law governs all removal proceedings").

The Supreme Court discussed the thirty day removal period under 28 U.S.C. § 1446(b) and formal service requirements under state law in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (2001). In *Murphy Brothers*, the Supreme Court addressed the issue of whether the thirty day removal period was triggered by the earlier receipt of a "courtesy copy" of the filed complaint through a fax, or at a later date when the defendant was officially summoned under state law service requirements. *Id*. at 347. The Court interpreted the provision "in light of a bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. In doing so, the Court held that: "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id*. at 347-48.

The Court recognized that the intent of the amendment to 28 U.S.C. § 1446(b) which added the phrase "or otherwise," was in order to govern removal in those states where an action is commenced merely by the service of process, without requiring that the complaint be served or filed

at the same time. *Id*. at 949. The Court quoted from a Senate Report regarding the amendment, which stated:

> In some States suits are begun by the service of a summons or other process without the necessity of filing any pleading until later. As the section now stands, this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about. As said section is herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for. It is believed that this will meet the varying conditions of practice in all the States.

*Id*. at 952 (quoting Act of May 24, 1949, § 83(a), 63 Stat. 101). The Court then reasoned that Congress did not intend to "dispense with the historic function of service of process as the official trigger for a responsive action by an individual or entity named defendant," when it made changes to 28 U.S.C. § 1446(b) in an effort to accommodate different state commencement and filling procedures. *Id*. at 353. The Court also commented on notions of equity and fairness when considering the effect that a different rule might have on individuals and entities in foreign nations, before noting in summary that Congress would have to be clearer if it intended "to render removal the sole instance in which one's procedural rights slip away before service of a summons, i.e. before one is subject to any court's authority." *Id*. at 350.

Defendants argue that *Murphy Brothers* requires receipt of the Complaint through formal service for the removal period to begin under 28 U.S.C. § 1446(b). However, the Supreme Court expressly stated that the removal period could be triggered by "the receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons," and only held that it could not be triggered by the "mere receipt of the complaint unattended by any formal service." *Murphy Brothers*, 526 U.S. at 347, 119 S.Ct. at 1325. Therefore, pursuant to *Murphy Brothers*, we find that

the thirty day removal period is triggered by the completion of formal process under Kentucky law and the actual receipt of the complaint by Defendant Louisville Realty.

First, we find that service was properly effected on Defendant Louisville Realty, pursuant to Kentucky's long-arm statute, KRS § 454.210, on June 17, 2001, over two months before Louisville Realty's Notice of Removal was filed. Kentucky law determines the validity of service in state court prior to Defendant's removal. *Ashford v. Bollman Hat Co.*, 2011 WL 127153, 2011 U.S. Dist. LEXIS 4114, *4 (E.D. Ky. Jan. 14, 2011) (citing 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (3d ed. 2010)); *See also Bates v. Harp*, 573 F.2d 930, 932-33 (6th Cir. 1978) (applying state service-of-process rules in a removal analysis). Kentucky's long-arm statute, KRS § 454.210(3)(b), provides:

> (3)(b) The clerk of the court in which the action is brought shall issue a summons against the defendant named in the complaint. The clerk shall execute the summons by sending by certified mail two (2) true copies to the Secretary of State and shall also mail with the summons two (2) attested copies of plaintiff's complaint. The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The clerk shall make the usual return to the court, and in addition, the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. Summons shall be deemed to be served on the return of the Secretary of State and the action shall proceed as provided in the Rules of Civil Procedure[.]

Defendant does not assert that the information provided to the Secretary of State, including the individual to be served on behalf of Louisville Realty and his address, is incorrect. Instead, Defendants argue Louisville Realty simply has not received the Complaint through formal process. However, under Kentucky law, it is clear that the return from the Secretary of State, and not the actual receipt by the defendant, is what establishes formal service and jurisdiction.

In *Deskins v. Estep*, 314 S.W.3d 300 (Ky.App. 2010), the Kentucky Court of Appeals held that where "[t]he record reflects that the Secretary of State performed the duties as required by KRS 454.210 and made the statutorily required return to the circuit court showing that the acts contemplated under the long-arm statute were complied with by the Secretary of State," "the Secretary of State was deemed the agent for service of process of the complaint for [the defendant]" and that service was complete "[w]hen the Secretary of State made its statutorily required return to the circuit court." *Id.* at 303.  The Court held that service was completed even despite the fact that "[the defendant] refused to accept the certified mail containing the summons and complaint." *Id.*

Further, the plain language of the statute provides that a summons is deemed served upon the Secretary of State's return even without a signed return receipt, "and the action shall proceed as provided in the Rules of Civil Procedure." KRS § 454.210(3)(b). *See also Haven Point Enterprises, Inc. v. United Ky. Bank, Inc.*, 690 S.W.2d 393, 395 (Ky. 1985) (holding that a "signed, returned receipt is not necessary from the addressee as part of the return by the Secretary of State"); *Davis v. Wilson*, 619 S.W.2d 709, 710-11 (Ky.Ct.App. 1980) (finding proper service of process pursuant to the Kentucky long-arm statute even where the envelope containing the summons was returned to the Secretary of State marked "unclaimed") (citing *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606 (Ky.App. 1979)).  Therefore, we hold that the formal summons process was completed under Kentucky law and jurisdiction over Defendant Louisville Realty was established as of June 17, 2001, when the Secretary of State made its return.

As to the second requirement of *Murphy Brothers*, that the defendant actually receive the complaint in some form separate and apart from the official service of the summons, Defendants have not indicated when they actually received a copy of the Complaint, in whatever form.

Defendants only argue that "even if Richard Sacco, the trustee of the Louisville Realty Trust, knew

about this lawsuit, he still had to be formally served with process, i.e. a complaint and summons, to

start the removal clock."  (DN 20, at 2); *See also* (DN 12, at 4).

      A court in the Eastern District of Kentucky faced similar facts as those here, and took into

consideration equitable concerns when making its ruling on a motion to remand for untimely

removal, just as the Supreme Court in *Murphy Brothers* considered equity when crafting its

interpretation of the removal period in 28  U.S.C. § 1446(b).  In *Ashford v. Bollman Hat Co.*, the

plaintiff had performed all the requirements of Kentucky law and had properly effected service on

the defendant more than thirty days before the defendant removed the action to federal court.  2011

WL 127153, *1.  However, the defendant's assistant failed to pick up the certified mail and the

defendant claimed he had not actually received the complaint at the time Kentucky law deemed him

to have been served.  *Id*. The defendant argued that the thirty day removal time period should not

have been triggered upon the Secretary of State's return.  *Id*.  In the court's opinion granting the

plaintiff's motion to remand because of untimely removal, Judge Coffman provided analysis that

is also relevant here:

>       Although there is no decision by the Supreme Court or the Sixth Circuit on
> point, and application of the general principle is more complicated here because of
> [the defendant's assistant's] inaction, the logic behind the requirement that
> defendants have actual notice is helpful in the resolution of this matter.  *See also*
> *Lilly v. CSX Transport, Inc*., 186 F.Supp.2d 672, 673-74 (S.D.W.Va. 2002) (noting
> that no United States Circuit Court of Appeals has addressed the question and
> reviewing cases from other jurisdictions that so hold).  One who becomes an agent
> by operation of law, like the Kentucky Secretary of State, might not have the same
> accountability for prompt notification and forwarding of service as an agent
> designated by a defendant.  *Hardy v. Square D. Co.*, 199 F.Supp.2d 676, 683-84
> (N.D. Ohio 2002).  The rule addresses equitable concerns that a defendant's removal
> right should not depend upon the "rapidity and accuracy" with which a statutory
> agent informs a defendant of litigation against them.  *Cygielman v. Cunard Line Ltd.*,
> 890 F.Supp. 305, 307 (S.D.N.Y. 1995).  *See also Taphouse v. Home Ins. Co., Inc*.,

885 F.Supp. 158, 161 (E.D. Mich. 1995) (noting that there is no indication that Congress intended the time limit for removal to include the time taken by a state agency or official to process service of the complaint and re-serve it on the actual defendant). Nevertheless, it is not intended to "insulate defendants from the consequences of their own negligence." *Cotter*, 2010 WL 286614, *5 (holding that a defendant was equitably estopped from contending that its removal was timely where its own negligence-failure to maintain an accurate address at the Secretary of State's office-caused a delay in notice).

[The defendant] is equitably estopped from arguing that the removal period was not triggered until May 19, when its Kentucky counsel, Paul Hershberg, received an emailed copy of the summons and complaint. *Id.* The Kentucky Secretary of State did not cause delay here, and there is no suggestion that the post office erred in notifying [the defendant] of the certified mail, so the rationale behind the actual notice requirement is inapposite.

2011 WL 127153 at *3.

Similarly, we hold that Defendants should be estopped from arguing that the removal period has yet to begin because it has not received the complaint through formal process. Defendants do not argue that the address which Plaintiff provided was incorrect or there was any error by the Secretary of State or the post office in notifying Defendants of the certified mail. Defendants also do not assert that they have not received the Complaint in some form. Again, the burden of proof is on the removing party to establish the jurisdiction of this court, *see Steel Co.*, 523 U.S. at 83, 118 S.Ct. 1003, and removal statutes are to be construed strictly and against removal. *See Tech Hills II Associates*, 5 F.3d at 968; *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09. Equitable concerns favor Plaintiff who performed all the Kentucky formal service requirements to obtain jurisdiction pursuant to KRS § 454.210. Holding otherwise would allow a defendant to refuse to accept certified mail from the Secretary of State and despite having full knowledge of the facts of the complaint and being subject to state jurisdiction, toll the federal removal period indefinitely.

Therefore, we hold that Louisville Realty's removal was untimely pursuant to 28 U.S.C. § 1446(b) and will grant Plaintiff's motion to remand. Because we find that removal was untimely,

- 9 -

the other matters before this court become moot and will be denied as such.  An order consistent

with this opinion will be entered this date.

May 29, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D02